1.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

UNITED STATES OF AMERICA, )
    plaintiff, )
vs. ) Case No. 04-CR-2001
ANTONIO SHERROD, )
    Defendant. )
 )
 )
 )
 )

18. U.S.C. 2255 Rule 6 Motion

RECEIVED
JAN 7 2008
U.S. DISTRICT JUDGE
URBANA, ILLINOIS

---

Now comes pro se petitioner requesting discovery thats within the Court's possession, and for 'good cause' petitioner states the following:

1.) The charges in this case stems from a fatal shooting and carjacking that took place at the Amoco Gas Station on Court Street, in Kankakee, Illinois.

2.) On or about December 8, 2003, Antonio Sherrod was charged by Criminal complaint with 18.U.S.C. 2119-Carjacking, 18.U.S.C. 924(c) Use of a firearm in the crime of violence, 18.U.S.C. 922(g)(1) possession of a firearm by a felon.

3.) As part of the Government's Case in Chief, several clips from the surveillance cameras were presented to the jury. A gold Dodge Intrepid is visible on camera, with a gentlemen exiting the rear-passenger seat wearing blue jeans, black jacket, and he walked towards the entrance of the store. Moments later the Intrepid pulls away from the pump, the passenger who exited the car reenters the back-seat as the Intrepid leaves the parking lot.

FILED
JAN 1 4 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

2.

4.) Not long after the Dodge Intrepid left the store, a black male approached the victim from behind the truck, demanded his car keys, and shot him once and fled the gas station at high-speed in the victim's Cadillac Escalade.

5.) Witnesses described the shooter to be medium built, 5'11", wearing blue jeans, black hoodie, carrying a black semi-automatic handgun. Upon locating the victim's truck, officer's canvassed the area and located a black Carthart jacket, accompanied by a black semi-automatic handgun.

6.) At trial the Government presented arguments and eye witness testimony concerning the shooter's height, weight, and clothing description. Also, the model of the weapon he was carrying, including color. Prosecution and defense disagreed as to who the person was that exited the Dodge Intrepid. Prosecution theory were: "Its Antonio Sherrod." Defense theory were: "Its Derrick Crawford." The evidence the Government produced to the jury was that — Antonio Sherrod was the shooter who exited the rear passenger seat wearing the black hoodie, carrying the 9.m.m. firearm.

7.) To link Sherrod to being the passenger in the Dodge Intrepid, prosecution relied on Lt. Kane from the Kankakee Police Department. In which, he testified that the owner of the Dodge Intrepid was a woman by the name of Dawn Ward. Under the Government's theory, Dawn Ward was the girlfriend of Sherrod's best friend (Derrick Crawford). LT. Kane testified that the Dodge Intrepid off the surveillance camera belonged to Dawn Ward. That theory has been proven false.

8.) The Government made the following arguments to the jury:

T. TR. 1435, line 23:

The person who got out that Dodge Intrepid is Antonio Sherrod. There is no reasonable doubt about that.

3.

> T.TR. 1438 line 10-12:
> This case is about whether the person who got out that car committed a murder was him. And on that question, there is no doubt.
>
> T.TR. 1440 line 7-9:
> You can see for yourselves; that the person who got out of that car with the black hoodie matches the description of the defendant.
>
> T.TR. 1447 line 20-25:
> First of all, 39A and 35A, the defendant on the left, Derrick Crawford on the right. There is no mistaking these two people for one another, none. One of them has facial hair on his chin and under his nose, the other one doesn't.
>
> T.TR. 1479, 21-25:
> No proof the defendant got out of that Intrepid? No proof? It was his best friend's girlfriend's car. He was always with his best friend. When he was with his best friend in that car, he was a passenger. The person that got out of that car wore a black hoodie.

9). Here, in the case at bar, petitioner is requesting all video surveillance tapes for enhancement purposes. Camera angle 6 shows the culprit exiting the rear passenger-seat of the gold Intrepid, with absolutely nothing concealing his identity. The identity of the person who exited the Intrepid still remains an issue. The face of the culprit was blury, and grainy, and can only be seen through enhancement. If the Court allow petitioner access to the evidence, and its revealed petitioner was not the one who exited the Intrepid, petitioner can buttress his claim of ineffective assistance of counsel, and also disapprove the Government's theory as to who committed the crime.

4.

    10.) Enhancement has been relied upon in United States v. David L. Knellinger Case no. 306 - CR 00126, U.S. v. Pierre Dawson No. 02-CR-688, U.S. v. Tammy Miller, U.S. v. James Rodriguez, U.S. v. German Montalvo CR-94-360-Puerto Rico, USA v. Robert Brown III 04-12-P-S, State of Illinois v. James Thivel.

    11.) Payne v. Bell, 89 F. Supp. 2d. 967 (W.D. Tenn. 2000) Good cause for discovery exists under Rule 6(a) governing section 2254 cases ("Habeas Rule") where specific allegations before the court showed reason to believe that the petitioner may, if facts are fully developed be able to demonstrate that he is entitled to relief. Also see Harris v. Nelson, 394 U.S. 286, 89 S.Ct 1082, 22 L.E.d. 1082, 22 L.Ed. 2d. 281 (1969).

    12.) Jones v. Woods, 114 F. 3d 1002 (9th Cir. 1997) Petitioner demonstrated "good cause" for conducting discovery to obtain notes for trial counsel implicating another suspect and to conduct test on blood samples from both him and his wife's as well as hair found in murdered wife's hands, where test might establish prejudice on his ineffectiveness of counsel claim.

    13.) TESTING DNA ON THE COAT. Shortly after the offense, Kankakee Police Department discovered the victim's Cadillac Escalade parked in the area of 656 N. Wildwood Ave. Police canvassed the area in an attempt to locate additional evidence. A handgun was found in the front yard of 671 N. Wildwood Ave. The handgun was found on the ground near some bushes. Additionally, a black carhart jacket was located on the ground on the other side of the bushes in the yard of 685 N. Wildwood Ave. According to witnesses, the person who committed the offense was wearing a dark jacket at the time.

    14.) A taping was done on the carhart jacket in an attempt to gather evidence for possible DNA typing. Various fibers and hairs was recovered through the taping. However, the hair fibers didn't have any roots. Three hair fibers were recovered. Presumably, the jacket belonged to the shooter in this case.

5.

**15.)** Counsel hired a Mitochondrial DNA expert to test one of the hair fibers. Dr. Terry Melton testified at trial, that Sherrod could not be excluded as a donor to the hair she tested, but neither could anyone in his maternal lineage be excluded.

16.) Dr. Terry Melton testimony concerning the analysis she performed was that she couldn't say virtually for sure if the DNA she tested belonged to Petitioner or not.

17.) Petitioner is requesting to be allowed to perform a different standard test, using a better method. From Dr. Melton's analysis, she could only identify a long lineage of family members. Of course, Dr. Melton wasn't able to say whether the hair she tested belonged to male of female. Furthermore, petitioner is requesting that he be allowed, to be permitted to test the other hairs also, using a method to identify a particular person, including the sweat stains also.

18.) Toney v. Gammon, 79 F.3d.693 (8th Cir. 1996) Habeas petitioner was entitled through discovery to access to state's evidence to conduct DNA and other scientific testing; court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded development of material facts.

Respectfully submitted,
Antonio Sherrod

ILLINOIS STATE POLICE
Division of Forensic Services
Joliet Forensic Science Laboratory
515 East Woodruff Road
Joliet, Illinois 60432-1260
(815) 740-3543 (Voice) * 1-(800) 255-3323 (TDD)

Rod R. Blagojevich
*Governor*

May 29, 2003

Larry G. Trent
*Director*

LT. LARRY OSENGA
KANKAKEE POLICE DEPARTMENT
209 NORTH INDIANA
KANKAKEE IL 60901

Laboratory Case #J03-002187
CSSC Case #RR03-0464-9-1
Agency Case #03-1038

OFFENSE: Death Investigation
VICTIM: Steven M. Prendergast

The following evidence was submitted to the Joliet Forensic Science Laboratory by Det. Sgt. E. Cote on March 20, 2003:

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 4 | Black jacket | No blood indicated. Possible stain collected from inner wrist band areas. This item was taped for removal of apparent hairs, fibers and debris. |

**REQUESTS:**
At such time as known blood standards from the suspect(s) are submitted, the possible source of the stain collected on the evidence may be determined.

In order for the laboratory to exercise due diligence in analyzing this case, it is necessary for you to contact us as soon as a trial date is established. The DNA analytical process does take a significant amount of time and without sufficient notification, it may not be possible for the DNA analyst to meet court deadlines.

Microscopy evidence (hairs, fibers, debris) was collected in this case. Please advise if comparisons are important to your investigation, and ensure that all standards can be collected.

If you have any questions regarding this report, please feel free to contact me.

## ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

Rod R. Blagojevich
*Governor*

August 18, 2004

Larry G. Trent
*Director*

SGT. EARL W. COTE II
KANKAKEE FIRE DEPARTMENT
385 EAST OAK STREET
KANKAKEE IL 60901

Laboratory Case #J03-002187
CSSC Case #RR03-0464-9-1
Agency Case #2003-1038

OFFENSE:  Murder
SUSPECT:  Antonio Sherrod
VICTIM:   Steven M. Prendergast

The following evidence was received by the Forensic Science Center at Chicago on August 9, 2004:

| EXHIBIT | ITEM SUBMITTED |
|---|---|
| 4 | One (1) black jacket recovered from the sidewalk on the south side of the house. |
| 16 | Head hair standard recovered from Antonio Sherrod. |

### EXAMINATION FINDINGS AND RESULTS
Apparent hairs, fibers, and debris were previously recovered from Exhibit 4. (Please see the original report by Forensic Scientist Lyle D. Boicken dated May 29, 2003).

Further analysis of the recovered hairs revealed the presence of one (1) Negroid head hair fragment, additional human hairs, and one (1) apparent eyebrow/eyelash hair. The head hair fragment is suitable for microscopic comparison purposes. The additional hairs are not suitable for comparison purposes. The apparent eyebrow/eyelash hair is not suitable for microscopic comparison purposes.

Negroid head hairs were observed in Exhibit 16. These hairs were used for preliminary comparison purposes.

Preliminary comparison of the one (1) Negroid head hair fragment recovered from Exhibit 4 revealed it to be microscopically consistent with Exhibit 16, the head hair standard from Antonio Sherrod. A complete comparison requires the submission of all required standards.

At such time as a known pulled head hair standard (50 hairs) from the victim is submitted, a complete comparison with the questioned Negroid head hair fragment may be conducted.

### EVIDENCE DISPOSITION
Exhibits 4 and 16 will be returned to the submitting agency.

KANKAKEE FIRE DEPARTMENT
Laboratory Case #J03-002187                     -2-                              August 18, 2004

**EVIDENCE DISPOSITION** (continued)
If you have any questions concerning this report, please feel free to contact this examiner.

Respectfully submitted,

Robert Berk
Forensic Scientist

cc: Joliet Forensic Science Laboratory
    CRIME SCENE INVESTIGATOR ROBERT DEEL - JOLIET LABORATORY
    Tim Bass-US ATTORNEY, URBANA

**ILLINOIS STATE POLICE**
Division of Forensic Services
Joliet Forensic Science Laboratory
515 East Woodruff Road
Joliet, Illinois 60432-1260
(815) 740-3543 (Voice) * 1-(800) 255-3323 (TDD)

Rod R. Blagojevich
*Governor*

April 28, 2004

Larry G. Trent
*Director*

LT. LARRY OSENGA
KANKAKEE POLICE DEPARTMENT
209 NORTH INDIANA
KANKAKEE IL 60901

Laboratory Case #J03-002187
CSSC Case #RR03-0464-9-1
Agency Case #03-1038

OFFENSE: Death Investigation
VICTIM: Steven M. Prendergast

The following evidence was submitted to the Joliet Forensic Science Laboratory by Det. Sgt. E. Cote on March 20, 2003:

| EXHIBIT | DESCRIPTION |
|---|---|
| 4A | Possible stain from inner wrist areas of jacket |

The following evidence was submitted to the Joliet Forensic Science Laboratory by Det. Hartman on November 19, 2003:

| EXHIBIT | DESCRIPTION |
|---|---|
| 12 | Cigarette butt |

The following evidence was submitted to the Joliet Forensic Science Laboratory by Sgt. E. Cote on March 16, 2004:

| EXHIBIT | DESCRIPTION |
|---|---|
| 13 | Buccal standard from Antonio Sherrod |

**RESULTS**
DNA from Exhibits 4A, 12 and 13 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO and Amelogenin.

A mixture of human DNA profiles was identified in Exhibit 4A that was interpreted as a mixture of at least three people. This mixed profile does not contain enough information to make positive associations to known standards.

The mixture of human DNA profiles identified in Exhibit 12 was not interpreted at this time. If at a later date it is determined that this interpretation can significantly aid the case, please advise.

Profile(s) from this case may be included in the DNA Index.

KANKAKEE POLICE DEPARTMENT
Laboratory Case #J03-002187         -2-                        April 28, 2004

**RESULTS** (continued)
See attached table for summary of observed alleles. The ( ) indicates types that may be present.

**CONCLUSIONS**
No conclusions can be drawn as to the potential contributors to the mixture of DNA profiles identified in Exhibit 4A, since this mixture does not contain enough information to make positive associations to known standards.

**REQUESTS**
For results of previous biological examinations, please refer to the laboratory report issued by Forensic Scientist Lyle D. Boicken of the Joliet Laboratory.

If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION**
Please note that Exhibit 4A was consumed in DNA analysis. Additional portions of the original stain may be obtained from Exhibit 4.

The DNA evidence will be retained in our evidence vault and may be picked up at your earliest convenience.

Respectfully submitted,

Katherine A. Davis
Forensic Scientist

Attachment

cc: CRIME SCENE INVESTIGATOR ROBERT DEEL