UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **ANTONIO SHERROD,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 08-CV-2013 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 28, 2013, Petitioner, Antonio Sherrod, filed a pro se Motion for Relief Pursuant to Rule 60(b)(6) (#39). This court concludes that the Motion is actually a second or successive Motion to Vacate, Set Aside, or Correct Sentence which must be dismissed for lack of subject matter jurisdiction.

BACKGROUND

On January 14, 2008, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1). On December 19, 2008, this court entered a lengthy Opinion (#16) which thoroughly addressed Petitioner's arguments and concluded that all of his claims were completely without merit. Petitioner appealed, and the Seventh Circuit entered an Order on December 4, 2009. The Seventh Circuit found no substantial showing of the denial of a constitutional right and denied Petitioner's request for a certificate of appealability. The Seventh Circuit's Mandate (#38) was issued on January 22, 2010.

ANALYSIS

On January 28, 2013, Petitioner filed a pro se Motion for Relief Pursuant to Rule 60(b)(6) (#39). Petitioner asked this court to address issues he raised in his Motion to Vacate, Set Aside or Correct Sentence (#1). Petitioner insists that he is challenging a defect in the habeas proceeding, alleging that this court failed to address two of his claims on the merits. Petitioner argues that he is entitled to reopen the proceedings pursuant to Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

In Gonzalez, the United States Supreme Court considered the question whether a Rule 60(b) motion for "Relief from Judgment" is properly treated as a successive petition in habeas cases. The Court determined that a habeas petitioner's filing that attacks the substance of the federal court's resolution of a claim on the merits must be treated as a second or successive petition. See Gonzalez, 545 U.S. at 532. The Court further determined that a filing that attacks some defect in the integrity of the federal habeas proceedings can proceed under Rule 60(b). Gonzalez, 545 U.S. at 532-33.

This court concludes that Petitioner's request for further consideration of the claims he brought in his Motion to Vacate, Set Aside or Correct Sentence can only be considered a challenge to the resolution of the claims in his prior habeas proceeding on the merits. Petitioner claims that this court did not resolve two issues regarding his argument that a supplemental instruction on the issue of "intent" should have been given at his trial. Petitioner argues that a supplemental instruction was necessary because the jury instructions that were given to the jury were "flawed." In this court's Opinion (#16), this court agreed

with the Government that, because both parties agreed at trial that no further instructions should be given, the "issue was thus waived for appeal and was not reviewable," so that appellate counsel was not ineffective for failing to raise the issue on appeal. This court further concluded that Petitioner's claim that this court itself erred in failing to issue a supplemental instruction based on the jury's question regarding "intent" also failed. This court stated:

> In this case, Petitioner has not established good cause for his failure to raise this claim on direct appeal. Even if Petitioner were found to have good cause, prejudice cannot be said to exist as this court has already noted that the evidence against Petitioner, from the fingerprints in the vehicle to the eyewitness identification, was overwhelming. There is no basis to believe that the failure to provide the jury with a supplemental instruction had a substantial and injurious effect or influence in determining the jury's verdict.

It is clear that Petitioner is not really challenging the integrity of the § 2255 proceedings, but is, in fact, challenging this court's decision on his claims. See Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012). Petitioner's Motion is directly addressed to the merits of his desire for collateral relief, something he can only seek under § 2255. See Phillips, 668 F.3d at 435. Thus, although styled as a Motion under Rule 60(b), Petitioner's Motion is properly understood as a request for relief under 28 U.S.C. § 2255. See United

States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), citing Gonzalez, 545 U.S. at 531.  If a Rule 60(b) motion is really a successive Motion under § 2255, the district court lacks jurisdiction unless the prisoner has obtained permission from the appropriate Court of Appeals to file it.  See Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255.  Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed.  See Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT

(1)  Petitioner's pro se Motion for Relief Pursuant to Rule 60(b)(6) (#39) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is denied.

ENTERED this 1st day of February, 2013

                    **s/ Michael P. McCuskey**
                    MICHAEL P. McCUSKEY
                    U.S. DISTRICT JUDGE